UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Garland D. Barnes,

Civil No. 02-19 DWF/AJB

Petitioner,

**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**

v.

Sheryl Ramstad-Hvass, Commissioner,
and David Crist, Warden,

Respondents.

This matter is before the Magistrate Judge on plaintiff's motion for appointment of counsel [Docket No. 7]. A Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 is pending before the court.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 7].

Dated: 5/15/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff has filed a motion seeking appointment of counsel. He asserts that he is unable to afford counsel; that he has limited knowledge and understanding of the federal rules;

MAY 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

that he is unable to conduct an investigation; that he is in a state of depression as a result of actions by law enforcement officials; and that the ends of justice would be served by appointment of counsel. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in habeas proceedings. The appointment of counsel in such cases is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993-94 (1987). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).