**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Garland Dean Barnes,

Petitioner,

vs.

Sheryl Ramstad-Hvass, DOC Commissioner; and Terry Carlson, Warden

Respondents.

Civil No. 02-19 (DWF/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on petitioner's motion for an evidentiary hearing [Docket No. 8] and petitioner's pro se petition for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1]. Respondent has filed an answer. The Court finds that the record is sufficient for disposition of this matter and an evidentiary hearing is not necessary. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be dismissed with prejudice.

**Background**

The facts, as found by the Minnesota Court of Appeals in State of Minnesota v. Barnes, 618 N.W.2d 805 (Minn. App. 2000) rev. denied (Jan. 16, 2001) are as follows. Police officers in Duluth were investigating a suspected drug operation in July and August 1998. The investigation focused on two residences, one of which was 1119 North Lake Avenue. The investigation centered on a number of people, including an individual known on the street by the name "Chill" who was later identified as Garland Barnes, a guest at the 1119 North Lake Avenue address.

JUL 3 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On August 9, 1998, Duluth police officers found a discarded bag of crack cocaine near a van that was licensed in the name of Garland Barnes. The officers stopped three people near the van on suspicion that one of the three had discarded the cocaine. One man identified himself as Mahlon Barnes but carried documents in the name of Garland Barnes.[1] Police obtained a warrant and searched the van. They found crack cocaine and marijuana in the van.

Over the next several weeks, police obtained information from informants reporting that Barnes and others were selling crack cocaine in Duluth. Information obtained from the informants identified two vehicles and two residences, 119 East Fourth Street and 1119 North Lake Avenue, that were being used in the drug trafficking. One of the vehicles identified was listed to Daphne Barnes at the same address shown on Garland Barnes' driver's license. A search warrant affidavit alleged that a third confidential reliable informant ("CRI") had seen the driver of this car with two companions in possession of crack cocaine.

Less than three days before a search warrant was obtained for the 1119 North Lake Avenue address, a different informant told police that he saw "Chill," a member of the "Native Mob" gang, deliver crack cocaine to customers. The same informant participated in a controlled buy of cocaine from Barnes within seventy-two hours of the application for a search warrant.

Police obtained a search warrant for the two vehicles, the person of Barnes, and the residence at 1119 North Lake Avenue and executed the warrant on August 26, 1998. Barnes was in the bedroom of the residence when the police entered the house. Police found a scale, cutting agents, large amounts of cash, and marijuana and crack cocaine in the residence.

Petitioner, represented by counsel, challenged the search warrant at an omnibus hearing.

---

[1] The Court of Appeals vacated Petitioner's sentence for giving a false name to police. State of Minnesota v. Barnes, 618 N.W.2d at 15.

He alleged that the officer who applied for the warrant, Officer Jenkins, had not met with most of the informants cited in the affidavit. At the hearing, Officer Jenkins testified that he was assigned to the Gang Strike Force and had never met Barnes. He testified that several of the informants had spoken to the Special Investigations Unit and not to anyone on the Gang Strike Force. He further testified that the Duluth police had obtained a search warrant for 1119 North Lake Avenue the day before he had obtained a similar search warrant. He testified that police chose not to execute the August 25 warrant because they obtained additional information from a fifth informant thereafter.

The trial court denied the suppression motion, concluding that probable cause supported the search warrant and that there was no evidence of a material or intentional misrepresentation in the search warrant application. The court granted Petitioner's request to dismiss his attorney and proceed pro se. The first trial resulted in a mistrial because the state failed to disclose a police report. Petitioner was found guilty by a jury at a second trial.

The Court of Appeals found that the following information contained in the search warrant application provided sufficient information to establish probable cause to search 1119 North Lake Avenue and the person of Barnes: (1) a number of confidential reliable informants reported that Barnes, known as "Chill," was selling cocaine; (2) Barnes had been seen driving between 119 East Fourth Street, where most of the sales occurred, and 1119 North Lake Avenue, an address that was listed on Barnes' temporary registration for a motor vehicle, (3) a controlled buy of cocaine had been made from Barnes; and (4) a car believed to be used in drug trafficking had been seen parked outside 1119 North Lake Avenue. The court found that Barnes' assertion that some of the CRI's did not exist misconstrued Officer Jenkins' testimony at the omnibus hearing. Officer Jenkins could not personally vouch for the existence of the informants that he

had not spoken with, but he did not cast any doubt on their existence.

The court found that although the application for the warrant did not detail the accuracy rate of all informants, in the totality, the application contained sufficient information including accuracy rates for two of five informants, a controlled buy, and police corroboration of details. The court found that the record did not show any defense request for disclosure of identity of informants and did not consider Barnes' argument that he had presented sufficient evidence to prompt disclosure of the identity of informants.

The court found that both the search warrant application and on the scene assessment provided a reasonable suspicion that knocking or announcing would be dangerous at 1119 North Lake Avenue. The search warrant application established that the residence was involved in suspected drug dealing; and that Barnes, a known gang member with a record of incarceration, had been observed with other individuals in what appeared to be an extensive drug selling operation involving large amounts of cocaine. An on the scene assessment provided additional support for no-knock entry because police had already executed a warrant at 119 East Fourth Street and the two cars identified in the warrant. Officer Jenkins testified at trial that officers were concerned that someone may have "tipped off" the occupants of 1119 North Lake Avenue before police arrived.

The court denied Barnes' claim of ineffective assistance of counsel and found that Barnes' claims that police planted the drugs found at the residence and in his shorts were so lacking in factual support that reasonable defense counsel would not have raised the defense of entrapment. With respect to Barnes' self-representation, Barnes was informed of the difficulty he would have.

The Court of Appeals also denied Barnes' double jeopardy claim. The trial court

declared a mistrial in the first trial because the state had failed to disclose some police reports that the prosecutor only discovered in the middle of the trial. The Court of Appeals found that there was no indication that the prosecutor's apparently inadvertent pretrial discovery violation was intended to provoke a mistrial.

Petitioner appealed to the Minnesota Supreme Court. The Minnesota Supreme Court denied review. State of Minnesota v. Barnes, C3-99-2192, (Minn. Jan. 16, 2001). On January 2, 2002, petitioner filed a petition for habeas corpus.

## DISCUSSION

**Standard of Review**

Habeas corpus is a federal remedy for a state prisoner's challenge to the legality of his or her detention. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973). Federal courts may entertain a habeas corpus petition only on the grounds that the prisoner's incarceration violates the United States Constitution or other federal law. See 28 U.S.C. § 2254(a); Wycoff v. Nix, 869 F.2d 1111, 1113 (8th Cir. 1989).

A § 2254 petitioner is entitled to habeas relief only if (1) the relevant state court decision or proceedings were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A presumption of correctness is applied to a State court's findings of fact. 28 U.S.C. §2254(e)(1). Simmons v. Bowersox, 235 F.3d 1124, 1130 (8th Cir. 2001). To overcome the presumption, Petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Petitioner's Challenge to Respondents' Statement of Facts**

Petitioner presents an alternate version of facts [Docket No. 6] that he contends is more accurate than the facts presented by Respondents [Docket No. 8]. Ground Four of Petitioner's §2254 Petition alleges that police and the prosecutor tampered with evidence and falsified documents including the search warrant application. A court must liberally construe a pro se petitioner's arguments. See Williams v. Lockhart, 849 F.2d 1134, 1138 (8th Cir. 1988)(liberally construing pleading to contain objection to factual determination). The Court will construe Petitioner's submission of an alternate version of facts and Ground Four of his Petition as a challenge to the findings of fact of the State court, insofar as the facts can be read to conflict in a material manner. In essence, Petitioner alleges that the confidential informants described in the search warrant application did not exist and information contained in the search warrant regarding the informants was fabricated by police. He also alleges that drugs and marked money discovered at 1119 North Lake Avenue and on his person were planted by police.

The Court of Appeals made the following factual findings. First, the court found that Barnes' assertion that some of the CRI's did not exist misconstrued Officer Jenkins' testimony at the omnibus hearing. State of Minnesota v. Barnes, 618 N.W.2d at 7. Although Officer Jenkins could not personally vouch for the existence of the informants that he had not spoken with, the court found that he did not cast any doubt on their existence. Id. The court found Barnes' claims that police planted the drugs found at the residence and in his shorts were so lacking in factual support that reasonable defense counsel would not have raised the defense of entrapment. Id. at 16. The court also found that the defense never requested disclosure of the identity of the CRIs described in the search warrant application. Id. at 7.

Petitioner must present clear and convincing evidence to overcome the presumption of

correctness of the State court's findings of fact. 28 U.S.C. §2254(e)(1). Petitioner has presented clear and convincing evidence that the defense requested in camera review of the identity of the CRIs at the trial court level. See Docket No. 10 (letter brief of John Lind to trial court). Thus, the Court will address the merits of Petitioner's argument that the trial court erred in failing to disclose the identity of the CRIs.

With respect to the State court's finding that Officer Jenkins did not cast any doubt on the existence of the CRIs, Petitioner offers two general theories that question the existence of the CRIs: (1) that it is unreasonable to believe the information provided by the CRIs; and (2) that the information provided by the CRIs was really information obtained by illegal surveillance. Having reviewed the search warrant application, Petitioner's arguments, and the record before the Court, the Court finds that there is no evidence to indicate that the CRIs did not exist. It is not unreasonable to believe the information provided by the CRIs, which consisted primarily of descriptions of individuals who were seen in the possession of cocaine or were offering cocaine for sale at certain locations. Furthermore, the fact that police surveillance provided the same information as provided by the CRIs, as Petitioner alleges, corroborates the existence and reliability of the CRIs.

The theory that police fabricated the existence of CRIs to disguise information obtained from police surveillance does not make sense. The same information, had it been obtained solely from police surveillance, would have supported issuance of a search warrant without resort to fabrication of a CRI and without need for establishing the reliability of undisclosed informants. Petitioner's allegation that the surveillance violated Minn. Stat. §609.4975 is likewise unavailing. Minn. Stat. §609.4975, entitled Warning subject of surveillance or search, provides:

> Subd. 3. Search warrant. Whoever having knowledge that a peace

> officer has been issued or has applied for the issuance of a search warrant, and with intent to obstruct, impede, or prevent the search, gives notice or attempts to give notice of the search or search warrant to any person, may be sentenced to imprisonment...

The State court also found that Petitioner's claims that police planted drugs were so lacking in factual support that reasonable defense counsel would not have raised the defense of entrapment. Petitioner has likewise failed to provide any evidence, beyond wild speculation, to support his allegations in this action. Thus, the State court's findings of fact should not be disturbed.

**Disclosure of the Identity of Confidential Reliable Informants**

To issue a writ of habeas corpus the court must find not only that the state-court decision applied clearly established federal law erroneously or incorrectly but the state court's application of federal law must also be unreasonable. Simmons v. Bowersox, 235 F.3d at 1130. The court applies an objective inquiry to determine whether the state court's application was unreasonable. Id.

The federal law applicable to the disclosure of the identity of confidential informants derives from the Supreme Court decision in Roviaro v. United States, 353 U.S. 53 (1957). The Supreme Court recognized the government's privilege to withhold the identity of a confidential informant and adopted a balancing test to determine when disclosure would be required. Id. at 62. A court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. Id. Courts should consider the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. Id.

Disclosure is not mandated unless it is vital to a fair trial and the threshold issue is

whether the informant is a material witness. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001). Disclosure is almost always material to the accused's defense where the witness was an active participant or witness to the offense charged. Id. Disclosure is not required where the informant acts as a mere tipster who conveys information but does not witness or participate in the offense. Id. The defendant has the burden of showing the materiality of the informant, a burden which requires more than speculation. Id.

Review of the application in support of the search warrant for Petitioner's person and the residence, 1119 North Lake Avenue, reveals that the five CRIs acted as mere tipsters with respect to the offenses charged, possession of drugs recovered at 1119 North Lake Avenue and from Petitioner's person. CRI#1 described a person known as "Chill" who drives an older white van, lives at 1119 North Lake Avenue and was offering crack cocaine for sale. CRI#2, who was with CRI#1, observed "Chill" with a large quantity of cocaine at 1119 North Lake Avenue. CRI#2 provided further information that "Chill" also sold crack from 119 East Fourth Street in the early morning hours before returning to 1119 North Lake Avenue. CRI#3 described three individuals in possession of a sandwich bag half full of crack cocaine driving in a black Chevy Corsica. CRI#5 provided information that "Chill" and another man were offering crack cocaine for sale at 119 East Fourth Street. Thus, CRIs# 1, 2, 3 and 5 merely provided information to police and were not witnesses to the offense charged.

CRI#4 described a man known as "Chill" who was offering crack cocaine for sale, described two cars that "Chill" frequently drives, and described other people the informant knew to associate with "Chill". CRI#4 participated in a controlled purchase of crack cocaine from Petitioner in a public location within 72 hours of the search warrant application. CRI#4 provided information that "Chill" is a member of the gang "Native Mob." Although CRI#4 participated in

a controlled purchase of crack cocaine, Petitioner was not charged with an offense related to the controlled purchase by CRI#4. Thus, Petitioner's argument that CRI#4 was a material witness to the crime charged must fail. CRI#4 was merely a tipster who provided information leading to the search of Petitioner and the residence at 1119 North Lake Avenue.

Federal law does not require disclosure of informants who acted as mere tipsters in providing information. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001). Therefore, Petitioner has not established that the trial court, which denied disclosure of the identity of the informants, unreasonably applied federal law.

**Probable Cause To Search**

Petitioner contends that the trial court erred in finding that the search warrant application provided probable cause to search petitioner's person and 1119 North Lake Avenue. The task of a magistrate issuing a search warrant is to make a practical decision, given the totality of the circumstances in the affidavit before him, including the veracity and basis of knowledge of those providing hearsay statements, that there is a fair probability that evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238 (1983). A reviewing court must ensure that the magistrate had a substantial basis for concluding that probable cause existed. Id. at 238-39. Where the magistrate relied solely upon the affidavit presented to him, the reviewing court may consider only the information within the four corners of the affidavit in determining the existence of probable cause. United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982). Petitioner is entitled to habeas relief only if the relevant state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. §2254.

The Court of Appeals reviewed the trial court's finding that the search warrant application provided probable cause to search 1119 North Lake Avenue and the person of

Barnes. The Court of Appeals found that the following information contained in the search warrant application provided sufficient information to establish probable cause: (1) a number of confidential reliable informants reported that Barnes, known as "Chill," was selling cocaine; (2) Barnes had been seen driving between 119 East Fourth Street, where most of the sales occurred, and 1119 North Lake Avenue, an address that was listed on Barnes' temporary registration for a motor vehicle, (3) a controlled buy of cocaine had been made from Barnes; and (4) a car believed to be used in drug trafficking had been seen parked outside 1119 North Lake Avenue.

Petitioner challenges the veracity and reliability of information obtained from the informants. The search warrant application states that:

> CRI#1 has given information in the past which has been corroborated by independent law enforcement investigations to include the check of police records within the Special Investigations Unit and by your affiant's personal knowledge and other law enforcement agencies[2]
> ...
> CRI#2 has provided information in the past indicating a substantial knowledge of the crack cocaine trade in the Duluth/Superior area. CRI#2 has provided information in the past that has lead to at least Three felony narcotics arrests.
> ...
> CRI#3 has given information in the past that has lead to at least Six felony drug arrests.
> ...
> CRI#4 has proven gang-literate" in the past and has given information on gangs and gang-members that has been corroborated through checks of Minnesota Gang Strike Force records, intelligence information from other reliable sources and from member interviews... CRI#4 has given information in the past that has proven reliable and has lead to at least Four felony arrests.
> ...
> CRI#5 has provided information in the past that had lead to at least one felony drug arrest.

---

[2] The affiant repeats this paragraph with respect to each of the CRIs.

The search warrant application also provides information from surveillance that corroborates information obtained from the CRIs. It states:

> Your affiant is aware that members of the Special Investigations Unit and Minnesota Gang Strike Force conducted surveillance on the residence at 1119 North Lake Avenue, Duluth, MN during the morning and afternoon hours on 08-25-98. During this time, Investigators observed Garland Dean Barnes to leave 1119 North Lake Avenue and enter into and drive the 1988 Chevrolet "Corsica"...and return within approximately 30 minutes. Additionally, Investigators later observed that later in the afternoon, Garland Barnes was observed to enter a Red, 1993 Mercury Tracer...that had been parked in front of 1119 North Lake Avenue along with an unidentified Black Male and drive to 119 East Fourth Street and met with several other persons there. While at the 119 East Fourth Street address, Investigators observed short term traffic by vehicle and by foot of persons known to the Special Investigations Unit and Minnesota Gang Strike Force to be involved in the "crack" cocaine trade as customers and dealers. The Mercury "Tracer" matches the description of a small Red vehicle that was stated by CRI#4, that is used by "Chill" to deliver "crack" cocaine to customers.

The affidavit supports the veracity of the information obtained from the CRIs by providing some corroborating information obtained from police surveillance. United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995). The affidavit establishes the reliability of the CRIs by providing a sworn statement that each informant has provided reliable information in the past, and with the exception of CRI#1, that each informant has provided reliable information leading to a number of felony arrests. United States v. Skramstad, 649 F.2d 1259, 1262 (8th Cir. 1981). Petitioner has failed to establish that the state court decision, finding that the search warrant was supported by probable cause, was contrary to or involved an unreasonable application of federal law.

Petitioner also challenges the unannounced entry by the police when conducting the search pursuant to the above described warrant. Petitioner's argument is based on the premise that the issuing Judge relied on information from CRI#4 relating to Petitioner's gang

membership to justify an unannounced entry and that the information provided by, or even the existence of CRI#4, cannot be accepted. For the reasons described above, the Court has rejected this argument.

Furthermore, the Court of Appeals found that an on the scene assessment provided additional support for no-knock entry because police had already executed a warrant at 119 East Fourth Street and the two cars identified in the warrant. State of Minnesota v. Barnes, 618 N.W.2d at 11. Officer Jenkins testified at trial that officers were concerned that someone may have "tipped off" the occupants of 1119 North Lake Avenue before police arrived. Id. Established federal law provides that police may make an unannounced entry based on an on the scene assessment that results in reasonable suspicion to believe that knocking and announcing would be dangerous or that it would inhibit investigation of the crime by allowing the destruction of evidence. Richards v. Wisconsin, 520 U.S. 385, 394 (1997). Petitioner has not shown that the state court unreasonably applied established federal law.

**Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel in violation of the Sixth Amendment a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Court must look at the evidence before the judge or jury as a whole to determine the effect of alleged attorney errors. Id. at 695. The ultimate focus of the inquiry is fundamental fairness in the proceeding, with relief granted only where there has been a breakdown in the adversarial process. Id. at 696.

The Sixth Amendment implies a right of self-representation. Faretta v. California, 422

U.S. 806, 821 (1975). Because the accused relinquishes many of the benefits associated with the right to counsel, he must knowingly and intelligently forgo those benefits. Id. at 835. Faretta rights are not infringed when standby counsel assists the pro se defendant in overcoming routine procedural or evidentiary obstacles to completion of some task. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). However, there is no constitutional right to hybrid representation where a criminal defendant waives her right to counsel and represents herself at trial with the assistance of standby counsel. United States v. Schmidt, 105 F.3d 82, 90 (8th Cir. 1997).

John Lind was initially appointed to represent Petitioner and represented him at a pretrial omnibus hearing. After the hearing, Petitioner waived his right to counsel. The trial court allowed Petitioner to proceed to trial pro se but appointed Mr. Lind as standby counsel.

Petitioner alleges that counsel ignored his contention that police planted drugs and marked money and failed to investigate this claim prior to the omnibus hearing. The Court of Appeals rejected the argument regarding police misconduct as totally lacking in factual support. Petitioner has not provided support, beyond pure speculation, and has not met his burden of overcoming the state court decision in this action.

Petitioner also alleges that counsel failed to seek in camera review of the identity of the confidential informants described in the search warrant application. Petitioner's own submission of a letter brief from counsel to the trial court proves this allegation to be untrue. See Docket No. 10 (letter brief of John Lind to trial court).

Finally, Petitioner alleges that counsel conspired with the prosecution to produce a falsified document. Based on review of the record, this allegation is frivolous.

Petitioner represented himself both at the first trial, which resulted in a mistrial, and the second trial, which resulted in a conviction. He does not make any allegations that Mr. Lind, as

standby counsel, interfered in any way with his self-representation. Therefore, Petitioner has failed to set forth a cognizable claim for ineffective assistance of counsel.

**Double Jeopardy**

Petitioner alleges that his conviction upon a second trial constitutes double jeopardy in violation of the Fifth Amendment of the Constitution, which protects a criminal defendant from repeated prosecutions for the same offense. However, the Double Jeopardy Clause does not bar reprosecution under certain circumstances. Oregon v. Kennedy, 456 U.S. 667, 670 (1982). The Supreme Court concluded:

> A defendant's motion for mistrial constitute's a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact...Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

Id. at 676.

The trial court declared a mistrial in the first trial because the state had failed to disclose police reports that the prosecutor only discovered in the middle of the trial. State of Minnesota v. Barnes, 618 N.W.2d at 16. A record of the trial court hearing regarding defendant's motion for a mistrial indicates that standby counsel presented the issue to the court at defendant's request. See Docket No. 6, Appendix 3. The prosecutor testified that he did not know of the existence of two police reports that had not been turned over to the defense in discovery. Id. He testified that the reports would have been helpful to the prosecution.

The Court of Appeals found that there was no indication that the prosecutor's apparently inadvertent pretrial discovery violation was intended to provoke a mistrial. State of Minnesota v. Barnes, 618 N.W.2d at 16. This factual finding by the Court of Appeal's is presumed correct in

the absence of clear and convincing evidence by Petitioner to the contrary. Petitioner has provided no such evidence.

Petitioner has also failed to demonstrate that state court decision was contrary to, or involved an unreasonable application of federal law. Federal law, as established by the Supreme Court, provides that a defendant who moves for a mistrial must show that the governmental conduct in question was intended to provoke defendant into moving for a mistrial. Oregon v. Kennedy, 456 U.S. 667, 676 (1982). The Court of Appeals applied this law in a reasonable manner.

**CONCLUSION**

Upon review of petitioner's claims for habeas relief, the Court finds that petitioner has failed to establish that his conviction was based on a violation of laws or the Constitution of the United States. Therefore, this Court recommends that the petition for habeas relief be denied.

**RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Motion for evidentiary hearing be denied. (Docket No. 8).

2. Petition for writ of habeas corpus be denied. (Docket No. 1).

2. This action be dismissed with prejudice.

Dated July 31, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 16, 2002.