UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GARLAND DEAN BARNES,

Petitioner,

v.

SHERYL RAMSTAD-HVASS,
Commissioner of Corrections, and
TERRY CARLSON, Warden,

Respondents.

Civil No. 02-19 (DWF/AJB)

**MEMORANDUM AND ORDER**

---

Garland Dean Barnes, *Pro Se*, #118244, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Petitioner.

Alan L. Mitchell, St. Louis County Attorney, and Mark S. Rubin, Assistant St. Louis County Attorney, St. Louis County Attorney's Office, 501 Courthouse, 100 North Fifth Avenue West, Duluth, MN 55802-1298, counsel for Respondents.

---

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1999 convictions for various state drug law violations. The matter was referred to Magistrate Judge Arthur J. Boylan, who concluded that Petitioner was not entitled to habeas corpus relief, and recommended that his petition be dismissed. (*See* Report and Recommendation, ["R&R"]; Doc. No. 11.) Petitioner did not file any objections to the R&R, and this Court later adopted the R&R and ordered that Petitioner's habeas corpus petition be dismissed with prejudice. (Order dated September 9, 2002; Doc. No. 14.) Thereafter, Petitioner filed a Notice of Appeal (Doc. No. 16), which the Clerk of Court construed to be a request for a Certificate of Appealability as well

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(Doc. No. 17). For the reasons discussed below, the Court concludes that Petitioner is not entitled to a Certificate of Appealability in this matter.

## DISCUSSION

A state prisoner is not permitted to appeal a final order denying a petition for habeas corpus relief under 28 U.S.C. § 2254 without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner has not identified any specific issue for which he is seeking a COA. As previously noted, Petitioner did not even file objections to the Magistrate Judge's R&R–which might have provided at least some insight into the issues that he believes were incorrectly adjudicated at the district court level.

Presumably, Petitioner still believes he is entitled to relief on one or more of the claims that he raised in his original habeas corpus petition. To prevail on appeal, however, Petitioner would have to convince the Court of Appeals that, with respect to at least one of his claims, the state court decisions upholding his convictions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or were "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Petitioner has not shown that he has any realistic chance of satisfying that standard on appeal.

Petitioner has offered no reason to think that any other court–including the Eighth Circuit Court of Appeals–could decide his claims differently than they were decided here. Furthermore, the Court cannot independently identify anything novel, noteworthy or worrisome in Petitioner's case, which might cause it to warrant appellate review. Thus, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right" in this case, and that he is not entitled to a COA.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Petitioner will **NOT** be granted a Certificate of Appealability in this matter.

Dated: October 15, 2002

DONOVAN W. FRANK
Judge of United States District Court