**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Garland Dean Barnes,

Petitioner,

v.

Joan Fabian, Commissioner of Corrections;
and Warden Terry Carlson,

Respondents.

Civil No. 02-19 (DWF/AJB)

**ORDER**

---

Garland Dean Barnes, *Pro Se*, #118244, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Petitioner.

Kurt B. Glaser, Esq., Smith & Glaser, 331 North Second Avenue, Suite 250, Minneapolis, MN 55401-1627, counsel for Petitioner.

Mark S. Rubin, Esq., and Alan L. Mitchell, Esq., St. Louis County Attorney's Office, 501 Courthouse, 100 North Fifth Avenue West, Duluth, MN 55802-1298, counsel for Respondent.

---

This matter is before the Court upon Petitioner's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated July 31, 2002, recommending that: (1) Defendant's motion for an evidentiary hearing on the issue of whether he received effective assistance of counsel and his decision to represent himself with standby counsel; (2) that Defendant's petition for a writ of habeas corpus be denied; and (3) that Petitioner's action be dismissed with prejudice.

The Court has conducted a *de novo* review of the record including a review of the arguments and submissions of the Petitioner, pursuant to 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

JUL 1 5 2003

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL 1 5 2003
DEPUTY CLERK

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, including the procedural history of the case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Arthur J. Boylan's Report and Recommendation dated July 31, 2002 (Doc. No. 11), is **ADOPTED**.

2. Defendant's motion for an evidentiary hearing (Doc. No. 8) is **DENIED**.

3. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**.

4. Petitioner's action is **DISMISSED WITH PREJUDICE**.

Dated: July 15, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

**Search and Seizure Issues**

The Court has reviewed the entire record in this case as well as the application for the search warrant in question. Contrary to Petitioner's assessment of the search warrant and all of the circumstances surrounding the application for the search warrant, the Court finds and concludes that the Petitioner has not shown that the state court unreasonably applied established federal law. The state trial court evaluated this issue, the Minnesota Court of Appeals evaluated this issue, the Minnesota Supreme Court declined to review the matter, and now Magistrate Judge Boylan has reviewed the issue. Here, this Court has evaluated the totality of circumstances surrounding the

investigation, the application for the search warrant in question, and the execution of that search warrant. The Court finds that the search warrant was supported by probable cause and its issuance was consistent with established federal law.

**Ineffective Assistance of Counsel**

The Court finds and concludes that there is no reasonable probability that but for the conduct of counsel, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the case before the Court, at the conclusion of the pretrial Omnibus Hearing, the Petitioner dismissed his court-appointed public defender, waived his right to counsel, and insisted on representing himself. At that time, the state trial judge appointed the public defender as standby counsel. The Sixth Amendment does indeed imply a right of self-representation. *Faretta v. California*, 422 U.S. 806, 821 (1975). There is no allegation, as Magistrate Judge Boylan points out, that Mr. Lind, as standby counsel, interfered in any way with Petitioner's self-representation. The record compels the conclusion that the Petitioner has failed to set forth a cognizable claim for ineffective assistance of counsel.

Finally, the Petitioner has suggested that he was not afforded an opportunity for an evidentiary hearing on the issue of ineffective assistance of counsel. A review of the record entirely belies that notion. Neither the record before the Court nor the interests of justice require the Court to order an evidentiary hearing on this issue.

Based upon the Court's *de novo* review of the record, and for the above-stated reasons, the Court has adopted the Report and Recommendation of Magistrate Judge Arthur J. Boylan filed on July 31, 2002.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995