UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GARLAND DEAN BARNES,

Petitioner,

v.

JOAN FABIAN, Commissioner of Corrections, and TERRY CARLSON, Warden,

Respondents.

Civil No. 02-19 (DWF/AJB)

**MEMORANDUM AND ORDER**

---

Garland Dean Barnes, *Pro Se*, #118244, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Petitioner.

Kurt B. Glaser, Esq., Smith & Glaser, 331 North Second Avenue, Suite 250, Minneapolis, MN 55401-1627, counsel for Petitioner.

Mark S. Rubin, Esq., and Alan L. Mitchell, Esq., St. Louis County Attorney's Office, 501 Courthouse, 100 North Fifth Avenue West, Duluth, MN 55802-1298, counsel for Respondents.

---

## INTRODUCTION

This matter is before the Court to determine whether Petitioner should be granted a Certificate of Appealability ("COA") so he can seek appellate review of his habeas corpus petition. For the reasons discussed below, a COA will not be granted.

## BACKGROUND

Petitioner is a state prisoner who filed an application for habeas corpus relief under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Arthur J. Boylan, who recommended that the petition be dismissed. (*See* Report and Recommendation ["R&R"]; Doc.

SEP 17 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

No. 11.) Petitioner did not file timely objections to the R&R, so this Court adopted the R&R and ordered that Petitioner's habeas corpus petition be dismissed with prejudice. (Order dated September 9, 2002; Doc. No. 14.) Petitioner subsequently filed a Notice of Appeal, (Doc. No. 16), which the Clerk of Court construed to be a request for a COA as well (Doc. No. 17). By order dated October 15, 2002 (Doc. No. 18), the Court concluded that Petitioner should not be granted a COA in this matter. The Court of Appeals agreed with that determination and dismissed Petitioner's initial appeal on January 24, 2003. (Doc. No. 21.)

Petitioner subsequently retained new counsel and filed a "Petition For Rehearing" (Doc. No. 20), claiming that he had been deprived of an opportunity to file objections to the Magistrate Judge's R&R because the Clerk's Office had mailed his copy of the R&R to the wrong address. The Petition For Rehearing was granted, and Petitioner was given thirty days to file belated objections to the R&R. (Order dated March 13, 2003; [Doc. No. 19].) Petitioner then filed his objections to the R&R (Doc. No. 23) and after those objections were fully considered, the Court entered a second order that again adopted the Magistrate Judge's R&R and dismissed the original habeas petition. (Order dated July 15, 2003 [Doc. No. 24].) Petitioner has now filed a second Notice of Appeal (Doc. No. 26) so the matter is before the Court to determine, once again, whether he should be granted a COA.

## STANDARD OF REVIEW

A state prisoner is not permitted to appeal a final order denying a petition for habeas corpus relief under 28 U.S.C. § 2254 without first securing a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

**DISCUSSION**

Petitioner has not identified any specific claim that he wants to raise on appeal, so the Court must assume that he is seeking a COA for the same claims that were raised in his objections to the R&R. Those claims are as follows:

(1) that Petitioner's conviction was based on evidence obtained in violation of his Fourth Amendment rights;

(2) that Petitioner was deprived of his Sixth Amendment right to counsel, because he was "forced to represent himself under duress" ("Petitioner's Memorandum Of Objections To Report and Recommendation," [Doc. No. 23], pp. 2-3); and

(3) that Petitioner was wrongly deprived of an evidentiary hearing in connection with his current federal habeas petition.

Petitioner has not shown that he is entitled to a COA for any of these three claims.

**A. Fourth Amendment Claim**

To prevail on appeal on his Fourth Amendment claim, Petitioner would have to convince the Court of Appeals that the Minnesota state court rulings on that claim were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or were "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Petitioner has not shown that he has any realistic chance of satisfying that standard on appeal.

Furthermore, it is highly unlikely the Court of Appeals would even consider Petitioner's Fourth Amendment claim, because it is barred by *Stone v. Powell*, 428 U.S. 465 (1976). In that case, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. Because the state courts provided Petitioner with multiple chances to litigate his Fourth Amendment claim (and, in fact, the claim actually was heard and decided on the merits in both the trial court and the state appellate court), Petitioner is not entitled to federal habeas review of that claim.

**B. Ineffective Assistance/Coerced Self-Representation**

The most obvious shortcoming of the "ineffective assistance of counsel" claim that was raised in Petitioner's objections to the R&R (and which he apparently now wants to raise on appeal) is that he simply did not raise that claim in his petition. In the petition itself (and presumably in the state courts as well), Petitioner claimed that he was denied effective assistance of counsel because his attorney did not defend him the way that he (Petitioner) wanted to be defended. (*See* Petition, [Doc. No. 1], p. (5), ¶ 12.B.) In his objections to the R&R, however, Petitioner contended that he was "forced" into self-representation.

The question of whether Petitioner's attorney provided constitutionally sufficient legal representation is not the same as the question of whether Petitioner's decision to represent himself was made freely and voluntarily. It is highly unlikely that the Court of Appeals would consider the question of whether Petitioner acted freely and voluntarily when he discharged his court-appointed lawyer and elected to represent himself, because the Circuit Court normally refuses to decide claims that are raised for the first time on appeal. *Kennedy v. Delo*, 959 F.2d 112, 117 (8th Cir.), *cert. denied*, 506 U.S. 857 (1992).

If Petitioner is seeking appellate review of the ineffective assistance claim that is actually raised in the petition itself–*i.e.*, that his court-appointed attorney did not provide proper legal representation–he would have to make the showing required by *Strickland v. Washington*, 466 U.S. 668 (1984). This Court has determined that Petitioner cannot satisfy the *Strickland* requirements, and Petitioner has offered no reason to think that any other court–including the Eighth Circuit Court of Appeals–could reach a different conclusion on that issue.

### C. Evidentiary Hearing

Finally, Petitioner apparently believes this Court erred by failing to conduct an evidentiary hearing. Congress has limited the circumstances under which federal courts are to conduct evidentiary hearings in § 2254 habeas corpus proceedings such as this one. The prisoner must show that his claims are based on some new, retroactively applicable, constitutional rule, or that the factual basis for his claims "could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). The prisoner must also show that an evidentiary hearing would produce facts that "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [the prisoner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Petitioner has made no effort to satisfy the requirements of 28 U.S.C. § 2254(e)(2), and the Court finds no reason to believe that he could possibly do so. Therefore, Petitioner will not be granted a COA on his request for an evidentiary hearing.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner will **NOT** be granted a Certificate of Appealability in this matter.

Dated: September 17, 2003

DONOVAN W. FRANK
Judge of United States District Court